ENGINEERING COMPANY, complainant,

*v.*

PERRYMAN ELECTRIC COMPANY, defendant; RADIO CORPO-
RATION OF AMERICA, appellant.

[Submitted May 26th, 1933.   Decided September 27th, 1933.]

*Mr. Arthur T. Vanderbilt,* for the appellant.

*Mr. William Harris* and *Mr. Samuel M. Hollander,* for the
New Jersey receivers.

*Messrs. Harrison & Roche,* for the Delaware receiver.

The opinion of the court was delivered by

PARKER, J.

The Perryman Electric Company is a Delaware corpora-
tion with its manufacturing plant at North Bergen in Hud-
son county and an office at Newark, in this state.

On the application of complainant to our court of chan-
cery, receivers for the defendant were appointed, who pro-
ceeded to administer its assets in this state, and pass on claims
submitted to them.   Among these claims was one for about

$22,000 presented by Radio Corporation of America, also a Delaware corporation. Pending the administration of New Jersey assets, a Delaware receiver of the defendant was appointed by the chancery court of Delaware, and that receiver made demand on the New Jersey receivers for the assets in their hands. In their final report to our court of chancery these receivers stated that all claims had been passed upon them except that of the appellant, and that it was subject to dispute on account of alleged infringement of federal statutes; that in their judgment this dispute, being between a Delaware corporation claimant and another Delaware corporation defendant, should properly be settled in the home state of both corporations. The vice-chancellor took this view, except with regard to an item of about $750 included in the claim, and directed the remaining assets to be transferred to the Delaware receiver on his giving a suitable bond and that the claim of the appellant be also transferred to such receiver to be passed on by him subject to the direction of the Delaware court. That order is the subject of the appeal.

The opinion of the vice-chancellor, filed some four months after the order, no doubt in view of the appeal, does not, as we read it, cover the point involved except perhaps by implication. It holds that resident creditors of an insolvent foreign corporation are entitled to have their claims adjudged here as against assets in this state. The question, however, is whether a non-resident corporation creditor is entitled to similar privileges, particularly if it be a corporation of the same state as the insolvent. We cannot see that any such right exists in a case where, as here, administration is proceeding in an orderly way in the home state, and the proceedings in this state have become in effect ancillary in character. At best the matter would seem to be one of judicial discretion to be exercised by our courts; and we think that so far as relates to the present appeal, that discretion was properly exercised.

The order under review is therefore affirmed. Some argument is made to the effect that the existence of a dispute rested on hearsay evidence, but it was formally set up in the

report of the New Jersey receivers, and the domiciliary receiver is actually before the court by counsel, asserting his right to deal with the claim in the home state of both claimant and insolvent. This in our judgment is sufficient to justify the order.

*For affirmance*—THE CHIEF-JUSTICE, PARKER, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ. 12.

*For reversal*—None.